ALVA W. BRADLEY and others *vs.* NORTHERN PACIFIC RAILROAD COMPANY and another.

February 17, 1888.

**Railway Company—Condemnation Proceedings—Successor in Interest.**—The St. Paul & Duluth Railroad Company, having acquired all property, privileges, and franchises, including the corporate franchise, of the Lake Superior & Mississippi Railroad Company, is its successor in interest in certain condemnation proceedings begun by that company, and is authorized to complete the same.

**Eminent Domain — Appeal from Commissioners — Delay.** —When a property-owner appeals to the district court from the award of commissioners in such proceedings, it is incumbent upon him to prosecute his appeal. Delay in such prosecution cannot be urged as tending to show abandonment of the proceedings by the respondent.

Appeal by plaintiffs from an order of the district court for St. Louis county, *Stearns,* J., presiding, refusing a new trial, after a trial by the court without a jury.

*Wm. W. Billson,* for appellants.

*James Smith, Jr.,* and *Ensign, Cash & Williams,* for respondents.

COLLINS, J. Action of ejectment, in which the trial court found for defendants, railway corporations. On November 29, 1879, North Albert Posey, then the owner, sold and conveyed to one Miller all of his right, title, and interest in the land in dispute, and from Miller's grantee these plaintiffs derive title. More than 10 years before Mil-

ler's purchase, the Lake Superior & Mississippi Railroad Company had taken possession and built a railway upon the premises. It had also condemned the same for railroad uses, in proceedings conceded to have been regular, in which Posey participated. From the award of damages made to him in said proceedings, he appealed, January 22, 1870, to the district court, which appeal remained *in statu quo* when Miller purchased. The occupation of the premises, the proceedings before mentioned, and the condition of said appeal, were well known to all the parties when they became owners. Through the foreclosure of a mortgage executed by the Lake Superior & Mississippi Railroad Company, the defendant St. Paul & Duluth Railroad Company, in 1877, became the owner of all the property, privileges, and franchises of the Lake Superior & Mississippi Railroad Company, including its franchise to be a corporation. Since that time the other defendant, the Northern Pacific Railroad Company, has jointly used and occupied the premises for railway purposes only, by consent of the St. Paul & Duluth Railroad Company, and the use and occupation by each has been open, notorious, and, until the action was brought, in 1886, without objection.

That the foreclosure of the mortgage and the rights thereby acquired by the successor to the defunct Lake Superior & Mississippi Railroad Company, one of these defendants, was and is adequate to vest in the latter every possible property interest, complete or contingent, possessed by the mortgagor, seems to us indisputable. Sp. Laws 1861, *c.* 1, § 10; Laws 1876, *c.* 30, § 1; *First Div., etc., R. Co. v. Parcher*, 14 Minn. 224, (297.) If so, the St. Paul & Duluth Railroad Company obtained whatever claim the predecessor had in the land herein involved; it was its successor in interest to the right of way, as well as to the action then pending upon appeal. As such successor, it was entitled to be substituted as respondent, under Gen. St. 1878, *c.* 66, § 41, and such substitution was actually made, as will be seen hereafter. The old corporation had regularly pursued the course pointed out by law to obtain the use of the premises until met and obstructed by the appeal of the land-owner. By means of the steps taken, it would ultimately obtain the right to occupy the premises. It had already, upon depositing the amount of the award, se-

cured the right to use the same at once. It surely had a valuable property interest in the realty it was attempting to appropriate.

Laws 1879, c. 82, passed some months before Miller bought, authorized the defendant St. Paul & Duluth Railroad Company to perfect title to its right of way, by prosecuting pending appeals in the name of its predecessor, or in its own name, should it be substituted by the court; and also authorized it to pay into court such sums of money as had been awarded and adjudged to property-owners in the condemnation proceedings. This the legislature could do; for the necessity to take the land, the needs of the petitioner, its power to exercise the right of eminent domain, in this particular instance, had been determined in 1869, and compensation then awarded. That payment of the amount of the award was not then made to Posey was because he preferred to appeal. In December, 1879, the amount, with interest, was deposited with the clerk by the last-named corporation, and remained in his custody until September, 1882, when (Posey having died in the mean time) it was paid over to the administrator of his estate, on order of the court. Of the legal effect of such payment we need say nothing. Later on, these plaintiffs took steps which would seem to indicate that they did not deem the condemnation proceedings abandoned, or that the St. Paul & Duluth road was without interest and standing therein. November 5, 1885, they gave notice to said road that on December 5th they would move the court for an order making plaintiffs the appellants in said proceedings. This motion was based upon an affidavit fully relating all that had transpired up to that time, except the fact that Posey's administrator had received the money on deposit with the clerk. At the hearing both parties appeared, and an order was made "that said petitioners be made parties appellant to said appeal;" and, "said petitioners not opposing the same, *  *  * that said St. Paul & Duluth Railroad Co. be substituted as party respondent to said appeal, in place and stead of said Lake Superior & Mississippi Railroad Co." From this order, to which plaintiffs were parties, there has been no appeal, while the original appeal taken by Posey remains wholly undisposed of. For the delay neither of the corporations mentioned have been responsible. The burden of pros-

ecuting the appeal was upon him who took it, and on his successors, in interest.

Order affirmed.